UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-00556-SEP |
| IRS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is *pro se* plaintiff Marilyn Williams's motion for leave to proceed *in forma pauperis*. Doc. [2]. Having reviewed the motion and the financial information therein, the Court grants the motion. On initial review, the Court finds that this action must be dismissed for lack of subject matter jurisdiction.

**LEGAL STANDARD**

Upon granting a motion to proceed *in forma pauperis*, the Court must evaluate whether the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If any of these situations applies, the court "shall dismiss the case[.]" *Id.*

The Court construes *pro se* complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "If the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2005)) (internal quotation marks omitted). However, even *pro se* complaints must allege facts that, if true, state a claim for relief. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (citing *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976)). Federal courts are required neither to assume facts that are not alleged, *Stone*, 364 F.3d at 914 (citing *Dunn v. White*, 880 F.2d 118, 1197 (10th Cir. 1989)), nor to interpret procedural rules to excuse the mistakes of unrepresented litigants. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff filed this action against Defendant "IRS." Doc. [1]. She claims that the Court possesses subject-matter jurisdiction over the controversy because the suit is against an agency of the

1

federal government.[1]  *Id.* at 3.  In the section of the Complaint inviting Plaintiff to explain her claim, she wrote the following:

> Verbal disrespect.
> On 5-20-22
> 1222 Spruce Street 63103
> Mental Strain and Embarrassing
> failure to assist me as an IRS client
> And ASK me To get my things [expletive omitted]
> & Leave.

*Id.* at 5.  Plaintiff seeks damages in the amount of $30,000.  *Id.* at 4-5.

## DISCUSSION

"[U]nless Congress has specifically authorized an agency of the federal government, such as the Internal Revenue Service ("IRS"), to be sued in its own name, an action may not be maintained against that agency."  *Napoli v. Dep't of the Treasury Internal Revenue Serv.*, 2019 WL 6716373, at *1 (E.D. Mo. Dec. 10, 2019); *see also Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity.").  Because "Congress has not specifically authorized suit against the IRS," "it is not a suable entity."  *Napoli*, 2019 WL 6716373, at *1; *see also Higgins v. United States*, 2003 WL 21694717, at *1; *see also Mann v. I.R.S.*, 2002 WL 1770757, at *1 (W.D. Mo. July 9, 2002).  This case must therefore be dismissed for lack of subject-matter jurisdiction.  *Napoli*, 2019 WL 67156373, at *1; *Mann*, 2002 WL 1770757, at *1 (quoting *Miller v. Tony & Susan Alamo Foundation*, 134 F.3d 910, 915-16 (8th Cir. 1998)); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal if a pro se complaint "seeks monetary relief against a defendant who is immune from such relief").

Even if Plaintiff had sued the proper defendant (i.e., the United States), her claim would fail because she has not alleged a waiver of sovereign immunity.  *See V S Ltd. P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) ("To sue the United States, VSLP must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction.").  And if Plaintiff's claim were construed as arising under the Federal Tort Claims Act (FTCA) and partaking of that Act's waiver of sovereign immunity, it would still fail because she does not plead that she exhausted her administrative remedies before filing suit.  *See McNeil v. United States*, 508 U.S. 106, 112 (1980); *see also Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) ("Porter did not allege he exhausted his administrative remedies as required by the FTCA and 26 U.S.C. § 7433, and exhaustion is a jurisdictional

---

[1] In the section inviting Plaintiff to plead facts supporting diversity jurisdiction, she wrote "N/A."  *Id.* at 3-4.

2

prerequisite."). Thus, even liberally construed, Plaintiff's Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED without prejudice** for lack of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3